This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ronald Spatney, appeals from the sentence imposed in the Summit County Court of Common Pleas. We affirm.
On August 27, 1999, pursuant to a plea agreement, Mr. Spatney pled guilty to attempted rape, in violation of R.C. 2907.02(A)(1)(b) and 2923.02, for conduct involving the thirteen-year-old daughter of his then girlfriend. On September 30, 1999, the trial court sentenced Mr. Spatney to the maximum eight year prison term. Mr. Spatney appealed the decision, pursuant to App.R. 5(A). On May 9, 2001, this court found that the trial court failed to set forth findings and reasons for imposing the maximum sentence and remanded the case for resentencing in accordance with State v. Edmonson (1999), 86 Ohio St.3d 324, and R.C. 2929.14.State v. Spatney (May 9, 2001), Summit App. No. 20288, unreported, at 3. On remand, after a hearing, the trial court again imposed the maximum eight year prison term. This appeal followed.
Mr. Spatney asserts one assignment of error for review:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM PRISON SENTENCE ALLOWED BY LAW WHERE THE EVIDENCE FAILED TO SUPPORT A FINDING THAT THE DEFENDANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES AND THE COURT DID NOT CONSIDER ALL OF THE FACTORS THAT APPLIED REGARDING THE DEFENDANT AS REQUIRED BY R.C. 2929.12(E)[.]
Mr. Spatney avers that the trial court erred in imposing the maximum sentenced allowed by law when the evidence failed to support a finding that he posed the greatest likelihood of committing future crimes. We disagree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the appellate court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 governs the imposition of a sentence in a felony proceeding. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: 1) the defendant committed the worst form of the offense; 2) the defendant poses the greatest likelihood of committing future crimes; 3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3); or 4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). Significantly, this court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also, State v. Edmonson (1999),86 Ohio St.3d 324. Additionally, R.C. 2929.19(B)(2)(d) mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C. 2929.14(A), the court must give its reasons for that decision.
In the case sub judice, Mr. Spatney first argues that the trial court failed to make specific findings and consider all of the recidivism factors set forth in R.C. 2929.12(E). A sentencing judge, however, need not use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable recidivism factors under R.C. 2929.12. State v. Arnett (2000), 88 Ohio St.3d 208,215; State v. Neptune (Nov. 14, 2001), Medina App. No. 3171-M, unreported, at 4. Rather, the sentencing judge need only state that it considered the applicable recidivism factors of R.C. 2929.12 in arriving at its decision. See Neptune, supra, at 4; see, also, State v. Marks
(June 13, 2001), Monroe App. No. 823, unreported, 2001 Ohio App. LEXIS 2675, at *13. Here, the trial court stated that it had considered "the seriousness and recidivism factors under O.R.C. 2929.12" and made it clear that it had considered all relevant factors under R.C. 2929.12 in reaching its decision. See Neptune, supra, at 4.
Next, Mr. Spatney contends that the record does not support the trial court's decision to impose the maximum sentence. In reaching its decision, the trial court considered the record, the presentence investigation report, the victim impact statements, and the facts brought forth at the sentencing hearing. At the hearing and in the written sentencing entry, the trial court found that Mr. Spatney posed the greatest likelihood of committing future crimes. See R.C. 2929.14(C). To support this finding, the trial court stated that Mr. Spatney had previously served a prison term and had a criminal history consisting of at least one prior felony conviction and several misdemeanor convictions.[1] The court further concluded that Mr. Spatney had not responded favorably to sanctions previously imposed, as evidenced by his probation violation, which was based upon a new arrest. The trial court also related that individuals who engage in sexual acts with minors generally have high recidivism rates.[2] Accordingly, after a thorough review of the record, this court cannot find by clear and convincing evidence that the trial court acted contrary to law or the record in imposing the maximum sentence upon Mr. Spatney.[3]
Mr. Spatney's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] The record indicates that Mr. Spatney did not have any prior convictions for sex offenses.
[2] In determining that the minimum sentence was not appropriate, the trial court found, inter alia, that the record indicated that Mr. Spatney sexually assaulted the victim on more than one occasion.
[3] Although the absence of genuine remorse was not cited by the trial court as one of the reasons for its imposition of the maximum sentence, the record indicates that Mr. Spatney did not have genuine remorse for his actions, despite professing such remorse at the hearing. For instance, it appears that, before the first sentencing hearing, Mr. Spatney spat on or at the victim. Later, he excused his actions as resulting from his ingesting drugs before the hearing.